# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE FRONTIER COMMUNICATIONS CORPORATION STOCKHOLDERS LITIGATION | No. 3:17-cv-01617-VAB |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Frontier Communications Corporation Stockholders Litigation*, No. 3:17-cv-01617-VAB (the "Action");

WHEREAS, (a) lead plaintiffs Arkansas Teacher Retirement System and Carlos Lagomarsino (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendant Frontier Communications Parent, Inc. (together with its subsidiaries, including Frontier Communications Corporation, "Frontier"),[1] and defendants Daniel J. McCarthy, John M. Jureller, Ralph Perley McBride, and John Gianukakis (collectively, the "Individual Defendants," and together with Frontier, "Defendants") (Lead Plaintiffs and Defendants, together, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation

---

[1] Pursuant to paragraph 87 of the Findings of Fact, Conclusions of Law, and Order Confirming the Fifth Amended Joint Plan of Reorganization of Frontier Communications Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 1005] ("Confirmation Order"), *In re Frontier Communications Corporation, et al.*, Case No. 20-22476 (RDD), U.S. Bankruptcy Court at the Southern District of New York ("Bankruptcy Court"), Frontier Communications Parent, Inc. is the Debtor/Reorganized Debtor in connection with Securities Litigation claims.

and Agreement of Settlement dated December 23, 2021 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **<u>Proposed Class Certification for Settlement Purposes</u>** – The Parties have proposed the certification of the following Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement:  all persons and entities who purchased or otherwise acquired shares of publicly traded common stock and Mandatory Convertible Preferred Stock of Frontier Communications Corporation (collectively, "Frontier Securities") between April 25, 2016 and October 31, 2017, inclusive (the "Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants and all Former Defendants; (ii) the Immediate Family Members of any Individual Defendant or any Former Defendant; (iii) any person who was an Officer, director, or partner of Frontier or any Former Defendant during the Class Period and any

of their Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Frontier or any Former Defendant; (v) any firm, trust, corporation, or other entity in which any Defendant, any Former Defendant, or any other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded persons or entities. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.      **<u>Class Findings</u>** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, and solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Lead Plaintiffs Arkansas Teacher Retirement System and Carlos Lagomarsino as Class Representatives for the Settlement Class and appoint Lead Counsel Bernstein Litowitz Berger &

Grossmann LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.     **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on _____, 2022, at __:__ _.m, either in person at the United States District Court for the District of Connecticut, Courtroom 2 of the Brien McMahon Federal Building, United States Courthouse, 915 Lafayette Boulevard, Bridgeport, CT 06604, or by telephone or video conference (in the discretion of the Court), for the following purposes: (a) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be

approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Settlement Class.  If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on a website to be developed for the Settlement as referenced in paragraph 7(c) of this Order.  Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement website for any change in date, time, or format of the hearing.

7.     **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     not later than ten (10) business days after the date of entry of this Order, Defendants, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, shall use best efforts to provide or cause to be provided to the Claims Administrator in electronic format a list of names and available contact information of record holders of Frontier Securities during the Class Period that are reasonably determinable;

(b)      beginning not later than twenty (20) business days after the date of entry of this Order (such date that is twenty (20) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided or caused to be provided by Defendants, or who otherwise may be identified through further reasonable effort;

(c)      contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that

is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Frontier Securities during the Class Period shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with

proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.     **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

11.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be submitted no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation

for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.     **<u>Exclusion From the Settlement Class</u>** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall

provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:   Frontier Communications Securities Litigation, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Frontier Communications Corporation Stockholders Litigation*, No. 3:17-cv-01617-VAB"; (iii) state the number of shares of publicly traded common stock and/or shares of publicly traded Mandatory Convertible Preferred Stock of Frontier Communications Corporation that the person or entity requesting exclusion (A) owned as of the opening of trading on April 25, 2016 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, between April 25, 2016 and October 31, 2017, inclusive), including the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.  Lead Counsel is authorized to request from any person or entity requesting exclusion additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Frontier Securities.

15.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any

orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who or which does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation

Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|  |  |
|---|---|
| **Lead Counsel** | **Defendants' Counsel** |
| Bernstein Litowitz Berger & Grossmann LLP | Mayer Brown LLP |
| Katherine M. Sinderson, Esq. | Matthew D. Ingber, Esq. |
| 1251 Avenue of the Americas, 44th Floor | 1221 Avenue of the Americas |
| New York, NY 10020 | New York, NY 10020-1001 |

19.     Any objections, filings, and other submissions by the objecting Settlement Class Member must identify the case name and civil action number, *In re Frontier Communications Corporation Stockholders Litigation*, No. 3:17-cv-01617-VAB, and they must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of publicly traded common stock and/or shares of publicly traded Mandatory Convertible Preferred Stock of Frontier Communications Corporation that the objecting Settlement Class

Member (i) owned as of the opening of trading on April 25, 2016 and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, between April 25, 2016 and October 31, 2017, inclusive), including the dates, number of shares, and prices of each such purchase/acquisition and sale.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number.  It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

20.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.     **<u>Stay and Temporary Injunction</u>** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or

enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from prosecuting any and all of the Released Plaintiffs' Claims against the Defendants' Releasees.

22.    **Settlement Administration Fees and Expenses** – All costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.    **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of

immediately prior to the Parties' agreement-in-principle to settle on September 30, 2021, as provided in the Stipulation.

26.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):   (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or

other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.    **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.    **<u>Jurisdiction</u>** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 202__.


_____
The Honorable Victor A. Bolden
United States District Judge

# EXHIBIT 1

Exhibit 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| IN RE FRONTIER COMMUNICATIONS CORPORATION STOCKHOLDERS LITIGATION | No. 3:17-cv-01617-VAB |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of Connecticut (the "Court" or "District Court"), if you purchased or otherwise acquired shares of publicly traded common stock and/or Mandatory Convertible Preferred Stock of Frontier Communications Corporation between April 25, 2016 and October 31, 2017, inclusive (the "Class Period"), and were damaged thereby.[1]  For purposes of this Notice, publicly traded common stock of Frontier Communications Corporation is referred to as "Frontier Common Stock;" publicly traded Mandatory Convertible Preferred Stock of Frontier Communications Corporation is referred to as "Frontier Preferred Stock;" and Frontier Common Stock and Frontier Preferred Stock are collectively referred to as "Frontier Securities."

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs Arkansas Teacher Retirement System ("ATRS") and Carlos Lagomarsino (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 29 below), have reached a proposed settlement of the Action for $15,500,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 73 below).**

---

[1] All capitalized terms used in this Notice that are not otherwise defined in this Notice have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 23, 2021 (the "Stipulation"), which is available at www.FrontierCorporationSecuritiesLitigation.com.

1.   **Description of the Action and the Settlement Class:**   This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant Frontier Communications Corporation[2] and defendants Daniel J. McCarthy, John M. Jureller, Ralph Perley McBride, and John Gianukakis (collectively, the "Individual Defendants," and together with Frontier, "Defendants") violated the federal securities laws by making false and misleading statements during the Class Period regarding Frontier Communications Corporation's business operations and financial results.   A more detailed description of the Action is set forth in ¶¶ 11-28 below.   The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 29 below.

2.   **Statement of the Settlement Class's Recovery:**   Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for $15,500,000 in cash (the "Settlement Amount") to be deposited into an escrow account.   The "Net Settlement Fund" (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court.   The proposed plan of allocation (the "Plan of Allocation") is set forth in Appendix A to this Notice.   The Plan of Allocation will determine how the Net Settlement Fund will be allocated among members of the Settlement Class.

3.   **Estimate of Average Amount of Recovery Per Share of Frontier Common Stock or Frontier Preferred Stock:**   Based on Lead Plaintiffs' damages expert's estimate of the number of Frontier Securities purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described in this Notice) is $0.10 per affected share of Frontier Common Stock[3] and $0.15 per affected share of Frontier Preferred Stock. **Settlement Class Members should note, however, that the foregoing average recoveries per share are only estimates.**  Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what prices they purchased/acquired or sold their Frontier Securities and the total number and value of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth in Appendix A to this Notice or such other plan of allocation as may be ordered by the Court.

4.   **Average Amount of Damages Per Share of Frontier Common Stock or Frontier Preferred Stock:**  The Parties do not agree on the average amount of damages per share of Frontier Common Stock or per share of Frontier Preferred Stock that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal

---

[2] Pursuant to paragraph 87 of the Findings of Fact, Conclusions of Law, and Order Confirming the Fifth Amended Joint Plan of Reorganization of Frontier Communications Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 1005] ("Confirmation Order"), *In re Frontier Communications Corporation, et al.*, Case No. 20-22476 (RDD), U.S. Bankruptcy Court at the Southern District of New York ("Bankruptcy Court"), Frontier Communications Parent, Inc. (together with its subsidiaries, including Frontier Communications Corporation, "Frontier") is the Debtor/Reorganized Debtor in connection with Securities Litigation claims.

[3] On July 10, 2017, Frontier Communications Corporation effected a one for fifteen reverse stock split of Frontier Common Stock.  The figures in ¶¶ 3 and 5 of this Notice regarding Frontier Common Stock are in post-reverse split terms.

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com,
email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

2

securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), will apply to the Court for an immediate award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.03 per affected share of Frontier Common Stock and $0.04 per affected share of Frontier Preferred Stock.

6.    **Identification of Attorneys' Representative:**    Lead Plaintiffs and the Settlement Class are represented by Katherine M. Sinderson, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Claims Administrator at:  Frontier Communications Securities Litigation, A.B. Data, Ltd., P.O. Box 173044, Milwaukee, WI 53217, info@FrontierCommunicationsSecuritiesLitigation.com, www.FrontierCommunicationsSecuritiesLitigation.com.  **Please do not contact the Court with questions regarding this Notice.**

7.    **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Settlement Class without the risk or delays inherent in further litigation.  Moreover, the recovery provided under the Settlement must be considered against (i) the significant risk that no recovery at all would be achieved if Lead Plaintiffs' appeal from the Court's dismissal of the Action (which was pending when the Settlement was achieved) was not successful and (ii) the further risks that continued litigation would have presented, even if Lead Plaintiffs succeeded on their appeal from the dismissal of the Action, which included risks posed by additional contested motions, a trial of the Action, and a potential second round of appeals that would follow a trial.  This process could be expected to last at least several years.  Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT |
| --- |

| | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2022.** | This is the only way to be eligible to receive a payment from the Net Settlement Fund.  If you are a Settlement Class member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (as defined in ¶ 38 below) that you have against Defendants and the other Defendants' Releasees (as defined in ¶ 39 below), so it is in your interest to submit a Claim Form. |

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com, email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

3

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for an award of attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2022 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED NO LATER THAN _____, 2022.** | Filing a written objection and notice of intention to appear by _____, 2022 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  In the Court's discretion, the _____, 2022 hearing may be conducted by telephone or video conference (*see* ¶ 63 below).  If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Net Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ...........................................................................................Page [_]

What Is This Case About? .............................................................................................Page [_]

How Do I Know If I Am Affected By The Settlement? Who Is Included In The Settlement Class?...............................................................................................................Page [_]

What Are Lead Plaintiffs' Reasons For The Settlement?................................................Page [_]

What Might Happen If There Were No Settlement? .......................................................Page [_]

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com,
email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

How Are Settlement Class Members Affected By The Action And The Settlement?..................Page [_]

How Do I Participate In The Settlement?  What Do I Need To Do?..............................................Page [_]

How Much Will My Payment Be?................................................................................................Page [_]

What Payment Are The Attorneys For The Settlement Class Seeking?  How Will The
   Lawyers Be Paid? .....................................................................................................................Page [_]

What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude
   Myself? ......................................................................................................................................Page [_]

When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have
   To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement?...Page [_]

What If I Bought Frontier Securities On Someone Else's Behalf? .................................................Page [_]

Can I See The Court File?  Whom Should I Contact If I Have Questions? ...................................Page [_]

## WHY DID I GET THIS NOTICE?

8.     The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Frontier Common Stock and/or Frontier Preferred Stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 63-64 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.     Frontier Communications Corporation was a "landline" telecommunications services provider based in Stamford, Connecticut.  This Action arises out of Frontier Communications Corporation's April 2016 acquisition of millions of customers from Verizon Communications Inc.  Among other things, Lead Plaintiffs allege that, during the Class Period, Frontier Communications Corporation made false and misleading statements concerning the acquisition, including by failing to disclose that the acquisition was hindered by service issues that drove customers away, caused revenue to decline, and increased acquisition

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com,
email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

5

and integration costs by nearly twice the estimate previously provided to investors. Lead Plaintiffs further allege that the Settlement Class suffered damages when investors in Frontier Securities were informed about the problems concerning the acquisition.

12. Beginning on September 26, 2017, four related securities class actions brought on behalf of investors in securities of Frontier Communications Corporation were filed in the Court.

13. On November 27, 2017, ATRS and Carlos Lagomarsino, along with ten other parties, filed competing motions before the Court to consolidate the actions and for appointment as lead plaintiffs on behalf of the putative class in the actions. By order dated January 18, 2018, the Court granted the motions to consolidate; appointed ATRS and Carlos Lagomarsino to serve as Lead Plaintiffs for the Action; and approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the putative class.

14. On April 30, 2018, Lead Plaintiffs filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "CAC") asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, and under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act").

15. On June 29, 2018, Defendants filed their motion to dismiss the CAC, which was fully briefed by October 12, 2018. On February 7, 2019, the Court held oral argument on Defendants' motion to dismiss, and on March 8, 2019, the Court entered an order granting Defendants' motion to dismiss but afforded Lead Plaintiffs the opportunity to move for leave to amend the CAC.

16. On May 10, 2019, Lead Plaintiffs filed a motion for leave to amend the CAC, which included the proposed Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") that addressed the deficiencies the Court identified in its March 8, 2019 ruling. Specifically, the proposed Complaint narrowed the alleged class period to the Class Period settled under the Stipulation (*i.e.*, the period between April 25, 2016 and October 31, 2017, inclusive) and did not reallege the Securities Act claims alleged in the CAC. Lead Plaintiffs' motion for leave to amend the CAC was fully briefed by August 12, 2019. On March 24, 2020, the Court issued an order denying Lead Plaintiffs' motion for leave to amend. The Court also entered final judgment and dismissed all of Lead Plaintiffs' claims with prejudice.

17. On April 6, 2020, Lead Plaintiffs filed a Notice of Appeal seeking review by the United States Court of Appeals for the Second Circuit (the "Second Circuit") of the Court's March 24, 2020 order denying the motion for leave to amend (the "Appeal").

18. On April 14, 2020, Defendant Frontier Communications Corporation filed a Suggestion of Bankruptcy notifying the Court that Frontier Communications Corporation and its subsidiaries had filed for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. Pursuant to Section 362(a) of the Bankruptcy Code, the Chapter 11 petition triggered an automatic stay of the proceedings against Frontier Communications Corporation in this Action. On April 29, 2020, the Second Circuit issued an order staying the Appeal in entirety pending the outcome of Frontier Communication Corporation's bankruptcy proceedings.

19. On May 20, 2020, Lead Plaintiffs filed a motion before the Second Circuit seeking to partially lift the automatic bankruptcy stay as to the one remaining Defendant in the case, Frontier Communications Corporation's former Chief Executive Officer Daniel McCarthy. On June 1, 2020, Defendants opposed Lead Plaintiffs' motion to lift the stay. On June 8, 2020, Lead Plaintiffs filed reply papers in further support of the motion. On September 29, 2020, the Second Circuit issued an order denying Lead Plaintiffs' motion to partially lift the automatic bankruptcy stay.

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com,
email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

6

20.     On May 3, 2021, Frontier Communications Corporation filed a letter before the Second Circuit notifying the Court that it had filed its Notice of Entry of Confirmation Order, Occurrence of Effective Date, and Related Bar Date.  As a result, the automatic stay under Section 362 of the Bankruptcy Code terminated and was no longer in effect.  On May 4, 2021, the Second Circuit issued an order lifting the stay of the Appeal and assigning the Appeal to the Court's Expedited Appeals Calendar.

21.     On June 8, 2021, Lead Plaintiffs filed their opening brief on the Appeal to the Second Circuit.  On July 13, 2021, Defendants filed their opposition brief on the Appeal.  On July 27, 2021, Lead Plaintiffs filed a reply in further support of the Appeal.  The Second Circuit calendared the oral argument on the Appeal for October 29, 2021.

22.     While the Appeal was pending, the Parties discussed the possibility of resolving the litigation through settlement.  Following negotiations, the Parties reached an agreement-in-principle to settle the Action on September 30, 2021, and thereafter began negotiating a term sheet to document their agreement.

23.     In light of the Parties' agreement-in-principle to settle, on October 7, 2021, the Parties filed a letter informing the Second Circuit that the Parties wish to suspend the pending Appeal and remand the matter to this Court immediately for adjudication of the Parties' proposed class settlement motion, and that the Parties were seeking an indicative ruling from the Court that it will adjudicate the Parties' proposed class settlement motion upon remand by the Second Circuit.

24.     On October 8, 2021, the Parties filed a joint motion with the Court seeking an indicative ruling that the Court will adjudicate the Parties' proposed class settlement motion upon remand by the Second Circuit.  On October 12, 2021, the Court issued an order granting the Parties' joint motion for an indicative ruling that it will adjudicate the Parties' proposed class settlement motion upon remand by the Second Circuit.

25.     On October 13, 2021, the Parties filed with the Second Circuit a motion pursuant to Federal Rule of Appellate Procedure 12.1 seeking remand for the limited purpose of allowing the District Court to consider preliminary and final approval of the Settlement and, if the District Court grants final approval of the Settlement, allowing the District Court to enter a final judgment and other orders related to the Settlement.  On October 15, 2021, the Second Circuit granted the Parties' motion.

26.     On November 3, 2021, the Parties executed the term sheet (the "Term Sheet") memorializing their agreement-in-principle to settle the Action.  The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants in return for a cash payment by or on behalf of Defendants of $15,500,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of the Stipulation.

27.     After additional negotiations regarding the specific terms of their agreement, the parties entered into the Stipulation on December 23, 2021.  The Stipulation, which reflects the final and binding agreement between the Parties on the terms and conditions of the Settlement and which supersedes and replaces the Term Sheet, can be viewed at www.FrontierCommunicationsSecuritiesLitigation.com.

28.     On _____, 202_, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

29.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com,
email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

7

All persons and entities who purchased or otherwise acquired shares of publicly traded common stock and Mandatory Convertible Preferred Stock of Frontier Communications Corporation between April 25, 2016 and October 31, 2017, inclusive (the "Class Period"), and were allegedly damaged thereby.

Excluded from the Settlement Class are: (i) Defendants and all Former Defendants; (ii) the Immediate Family Members of any Individual Defendant or any Former Defendant; (iii) any person who was an Officer, director, or partner of Frontier or any Former Defendant during the Class Period and any of their Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Frontier or any Former Defendant; (v) any firm, trust, corporation, or other entity in which any Defendant, any Former Defendant, or any other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded persons or entities. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement.**

**If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice, and the required supporting documentation as set forth in the Claim Form, postmarked (if mailed), or online through the Settlement website, www.FrontierCommunicationsSecuritiesLitigation.com, no later than _____, 2022.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

30.   Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. However, the risk of no recovery was very significant in this case because the Action was dismissed in its entirety by the Court, based on its conclusion that the CAC did not adequately allege any actionable false statements or omissions by Defendants. Lead Plaintiffs appealed that ruling to the Second Circuit and believe they presented meritorious arguments for reversal of that decision, but there could be no guarantee that Lead Plaintiffs would succeed on their appeal. If the appeal were unsuccessful, the Settlement Class would obtain no recovery in this Action at all. Moreover, even if the appeal succeeded, Lead Plaintiffs and the Settlement Class would still face additional substantial risks in establishing liability (including proving the falsity of the alleged statements and Defendants' scienter), loss causation, and damages. Lead Plaintiffs would have to prevail at several stages beyond the current appeal, including on a motion for summary judgment, a litigated motion for class certification, and at trial, and if it prevailed on those, on the additional appeals that would likely follow. Thus, there were very significant risks related to the continued prosecution of the claims against Defendants.

31.   In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $15,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce no recovery following resolution of the pending appeal and, even if the appeal were successfully, the risks of no recovery or a small recovery from continued litigation through summary judgment, a trial, and additional appeals, possibly years in the future.

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com, email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

8

32.    Defendants have denied the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action.  Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

33.    If there were no Settlement, Lead Plaintiffs' appeal from the Court's order dismissing the Action with prejudice would continue.  If Lead Plaintiffs failed to obtain a reversal on appeal of the Court's dismissal order, neither Lead Plaintiffs nor the other members of the Settlement Class would recovery anything from Defendants in this Action.  If Lead Plaintiffs succeeded on the appeal but failed to establish any essential legal or factual element of the claims against Defendants in continued litigation, Lead Plaintiffs and the Settlement Class would also recover nothing.  In addition, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on further appeals, the Settlement Class could recover substantially less than the amount provided under the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

34.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

35.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

36.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

37.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims (as defined in ¶ 38 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 39 below), and will forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the Defendants' Releasees.

38.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com,
email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

9

or (ii) could have asserted in the Complaint or any other forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or acquisition of Frontier Securities during the Class Period.  The Released Plaintiffs' Claims do not include, cover, or release: (i) any claims asserted in any ERISA or derivative action, including without limitation the claims asserted in *Baker v. McCarthy*, No. 17-cv-1792-VAB (D. Conn.), or any cases consolidated into that action; (ii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action; (iii) any claims relating to the enforcement of the Settlement; or (iv) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court ("Excluded Plaintiffs' Claims").

39.   "Defendants' Releasees" means Defendants, Former Defendants, and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

40.   "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs, the other Settlement Class Members, and/or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which they or any of them now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgement or Alternate Judgment, if applicable, shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and whether or not the same were known to Lead Plaintiffs, the other Settlement Class Members, or Defendants, as applicable, at any time.  Lead Plaintiffs and Defendants acknowledge, and each of the other members of the Settlement Class shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

41.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims (as defined in

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com,
email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

10

¶ 42 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 43 below), and will forever be barred and enjoined from prosecuting any and all Released Defendants' Claims against any of the Plaintiffs' Releasees.

42.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include, cover, or release: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

43.    "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, all other Settlement Class Members, and Plaintiffs' Counsel, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

44.    To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked (if mailed), or submitted online at www.FrontierCommunicationsSecuritiesLitigation.com, no later than _____, 2022**.  A Claim Form is included with this Notice, or you may obtain one from the Settlement website, www.FrontierCommunicationsSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-311-3734 or by emailing the Claims Administrator at info@FrontierCommunicationsSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Frontier Securities, as they will be needed to document your Claim.**  The Parties and Claims Administrator do not have information about your transactions in Frontier Securities.  If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

45.    If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

46.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

47.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $15,500,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

48.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com,
email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

11

49.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

50.    Approval of the Settlement is independent from approval of a plan of allocation.   Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

51.    Unless the Court otherwise orders, any Settlement Class Member who or which fails to submit a Claim Form **postmarked (if mailed), or online via the Settlement website, on or before _____ \_\_, 2022** will be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Settlement Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 38 above) against the Defendants' Releasees (as defined in ¶ 39 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

52.    Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to their transactions in Frontier Securities held through the Employee Plan in any Claim Form that they submit in this Action.  Claims based on any Employee Plan's transactions in Frontier Securities may be made by the plan itself.

53.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.  Each Claimant will be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

54.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Frontier Common Stock and/or Frontier Preferred Stock during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible for a payment and should not submit Claim Forms.  The only securities that are included in the Settlement are Frontier Common Stock and Frontier Preferred Stock.

55.    **Appendix A to this Notice sets forth the proposed Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants.  At the Settlement Hearing, Lead Plaintiffs will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class**.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
| --- |

56.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for their litigation expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an immediate award of attorneys' fees on behalf of all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses to Plaintiffs' Counsel from the Settlement Fund in an amount not to exceed $500,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the PSLRA.  The

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com, email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

12

Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Any award of attorneys' fees and Litigation Expenses, including any reimbursement of costs and expenses to Lead Plaintiffs, will be paid from the Settlement Fund at the time of award by the Court and prior to allocation and payment to Authorized Claimants. *Settlement Class Members are not personally liable for any such fees or expenses.*

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

57.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to Frontier Communications Securities Litigation, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The Request for Exclusion must be *received* **no later than _____, 2022**. You will not be able to exclude yourself from the Settlement Class after that date.

58.     Each Request for Exclusion must: (i) state that such person or entity "requests exclusion from the Settlement Class in *In re Frontier Communications Corporation Stockholders Litigation*, No. 3:17-cv-01617-VAB"; (iii) state the number of shares of Frontier Common Stock and/or shares of Frontier Preferred Stock that the person or entity requesting exclusion (A) owned as of the opening of trading on April 25, 2016 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, between April 25, 2016 and October 31, 2017, inclusive), including the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion that does not provide all the information called for in this paragraph and is not received within the time stated above will be invalid and will not be allowed. Lead Counsel is authorized to request from any person or entity requesting exclusion additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Frontier Securities.

59.     If you do not want to be part of the Settlement Class, you must follow these instructions for requesting exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claims against Defendants or any of the other Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other lawsuit against any of the Defendants' Releasees concerning the Released Plaintiffs' Claims. **Please note:** If you decide to exclude yourself from the Settlement Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including that your claims are time-barred by a statute of repose that has possibly expired for claims under the federal securities laws.

60.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

61.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

62.     **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class**

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com, email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

13

**Member does not attend the Settlement Hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

63.   <u>Please Note</u>:  The date and time of the Settlement Hearing may change without further written notice to the Settlement Class.  In addition, the ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by telephonic or video conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or video, without further written notice to the Settlement Class.  In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.FrontierCommunicationsSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic/video appearances at the hearing, will be posted to the Settlement website, www.FrontierCommunicationsSecuritiesLitigation.com.  Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information needed to access the conference will be posted to the Settlement website, www.FrontierCommunicationsSecuritiesLitigation.com.

64.   The Settlement Hearing will be held on _____, 2022 at _:__ _.m., before the Honorable Victor A. Bolden, either in person at the United States District Court for the District of Connecticut, Courtroom 2 of the Brien McMahon Federal Building, United States Courthouse, 915 Lafayette Boulevard, Bridgeport, CT 06604, or by telephone or video conference (in the discretion of the Court), to determine, among other things: (i) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (ii) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (iv) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (v) whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to certify the Settlement Class; approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

65.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Connecticut at the address set forth below **on or before** _____, **2022**.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below, so that the papers are ***received*** **on or before** _____, **2022**.

| CLERK'S OFFICE |
|---|
| Office of the Clerk<br>United States District Court |

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com,
email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

| District of Connecticut<br>Brien McMahon Federal Building<br>United States Courthouse<br>915 Lafayette Boulevard<br>Bridgeport, CT 06604 | |
| --- | --- |
| **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
| **Bernstein Litowitz Berger & Grossmann LLP**<br>Katherine M. Sinderson, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020 | **Mayer Brown LLP**<br>Matthew D. Ingber, Esq.<br>1221 Avenue of the Americas<br>New York, NY 10020-1001 |

66.   Any objections, filings, and other submissions by the objecting Settlement Class Member must identify the case name and civil action number, *In re Frontier Communications Corporation Stockholders Litigation*, No. 3:17-cv-01617-VAB", and they must: (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Frontier Common Stock and/or shares of Frontier Preferred Stock that the objecting Settlement Class Member (A) owned as of the opening of trading on April 25, 2016 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, between April 25, 2016 and October 31, 2017, inclusive), including the dates, number of shares, and prices of each such purchase/acquisition and sale.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

67.   You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

68.   If you wish to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 65 above so that it is *received* **on or before** _____**, 2022.**  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number.  Objectors and/or their counsel may be heard orally at the discretion of the Court.

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com,
email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

69.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and on Defendants' Counsel at the addresses set forth in ¶ 65 above so that the notice is **received on or before _____, 2022**.

70.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time of the hearing as stated in ¶ 63 above.

71.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval**.

### WHAT IF I BOUGHT FRONTIER SECURITIES ON SOMEONE ELSE'S BEHALF?

72.    If you purchased or otherwise Frontier Common Stock and/or Frontier Preferred Stock between April 25, 2016 and October 31, 2017, inclusive (the "Class Period"), for the beneficial interest of persons or entities other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses of all such beneficial owners to Frontier Communications Securities Litigation, A.B. Data, Ltd., P.O. Box 173044, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.FrontierCommunicationsSecuritiesLitigation.com, by calling the Claims Administrator toll free at 1-877-311-3734, or by emailing the Claims Administrator at info@FrontierCommunicationsSecuritiesLitigation.com.

### CAN I SEE THE COURT FILE?
### WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

73.    This Notice contains only a summary of the terms of the proposed Settlement.  For the precise terms and conditions of the Settlement or to obtain additional information, you may find the Stipulation and other relevant documents at www.FrontierCommunicationsSecuritiesLitigation.com, by contacting Lead Counsel at the address below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ctd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the District of Connecticut, Brien McMahon Federal Building, United States Courthouse, 915 Lafayette Boulevard, Bridgeport, CT 06604.  Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the Settlement website, www.FrontierCommunicationsSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

Questions? Visit www.FrontierCommunicationsSecuritiesLitigation.com,
email info@FrontierCommunicationsSecuritiesLitigation.com, or call toll free at 1-877-311-3734

Frontier Communications Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173044
Milwaukee, WI 53217
1-877-311-3734
info@FrontierCommunicationsSecuritiesLitigation.com
www.FrontierCommunicationsSecuritiesLitigation.com

and/or

Katherine M. Sinderson, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL WITH QUESTIONS REGARDING THIS NOTICE OR THE SETTLEMENT.**

Dated: _____, 2022

By Order of the Court
United States District Court
District of Connecticut

## Appendix A

## PROPOSED PLAN OF ALLOCATION

1.      The objective of the Plan of Allocation (or, the "Plan") is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

2.      In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amounts of artificial inflation in the per share closing prices of Frontier Common Stock and Frontier Preferred Stock which allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions.

3.      In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in publicly traded common stock of Frontier Communications Corporation ("Frontier Common Stock") and Mandatory Convertible Preferred Stock of Frontier Communications Corporation ("Frontier Preferred Stock," and together with Frontier Common Stock, "Frontier Securities") in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions.  The estimated artificial inflation in Frontier Common Stock and Frontier Preferred Stock during the Class Period is stated in Table A below.

4.      In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security.  In this case, Lead Plaintiffs allege that Defendants made material false statements and omitted material facts during the period between April 25, 2016 and October 31, 2017, inclusive, which had the effect of artificially inflating the prices of Frontier Common Stock and Frontier Preferred Stock.  Lead Plaintiffs further allege that corrective information was released to the market on November 1, 2016, February 27, 2017, May 2, 2017, and October 31, 2017, which partially removed the artificial inflation from the prices of Frontier Common Stock and Frontier Preferred Stock on November 2, 2016, February 28, 2017, May 3, 2017, and November 1, 2017, respectively.

5.      Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the respective prices of the Frontier Securities at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase/acquisition price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired Frontier Common Stock or Frontier Preferred Stock prior to the first corrective disclosure, which occurred after the close of the financial markets on November 1, 2016, must have held his, her, or its shares of the respective Frontier Security through at least the opening of trading on November 2, 2016. A Settlement Class Member who purchased or otherwise acquired Frontier Common Stock or Frontier Preferred Stock from November 2, 2016 through and including the close of trading on

October 31, 2017, must have held the respective Frontier Security through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of the respective Frontier Security.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

**Frontier Common Stock**

6.    Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Frontier Common Stock that is listed on the Claim Form and for which adequate documentation is provided.[1] If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

7.    For each share of Frontier Common Stock purchased or otherwise acquired during the Class Period (*i.e.*, from April 25, 2016 through and including October 31, 2017), and:

(i)    Sold before November 2, 2016, the Recognized Loss Amount will be $0.00;

(ii)    Sold from November 2, 2016 through and including October 31, 2017, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A minus the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price minus the sale price;

(iii)    Sold from November 1, 2017 through and including the close of trading on January 29, 2018, the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price minus the average closing price between November 1, 2017 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price; or

(iv)    Held as of the close of trading on January 29, 2018, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price minus $7.88.[2]

**Frontier Preferred Stock**

8.    Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Frontier Preferred Stock that is listed on the Claim Form and for

---

[1] On July 10, 2017, Frontier Communications Corporation effected a one for fifteen reverse stock split of Frontier Common Stock.  All figures in the Plan regarding Frontier Common Stock including (but not limited to) the price per share, artificial inflation per share, and number of shares traded are in post-reverse split terms.

[2] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price

which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

9.     For each share of Frontier Preferred Stock purchased or otherwise acquired during the Class Period (*i.e.*, from April 25, 2016 through and including October 31, 2017), and:

(i)     Sold before November 2, 2016, the Recognized Loss Amount will be $0.00;

(ii)     Sold from November 2, 2016 through and including October 31, 2017, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A minus the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price minus the sale price;

(iii)     Sold from November 1, 2017 through and including the close of trading on January 29, 2018, the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price minus the average closing price between November 1, 2017 and the date of sale as stated in Table B; or (iii) the purchase/acquisition price minus the sale price; or

(iv)     Held as of the close of trading on January 29, 2018, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price minus $13.08.[3]

## ADDITIONAL PROVISIONS

10.     **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all Frontier Securities.

11.     **FIFO Matching:**  If a Settlement Class Member made more than one purchase/acquisition or sale of any Frontier Security during the Class Period, all purchases/acquisitions and sales of the

---

paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Frontier Common Stock during the "90-day look-back period," November 1, 2017 through and including the close of trading on January 29, 2018.  The mean (average) closing price for Frontier Common Stock during this 90-day look-back period was $7.88.

[3] As explained in footnote 2 above, pursuant to the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of the relevant security during the 90-day look-back period, November 1, 2017 through and including the close of trading on January 29, 2018.  The mean (average) closing price for Frontier Preferred Stock during this 90-day look-back period was $13.08.

like security will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings of the like Frontier Security at the beginning of the Class Period, and then against purchases/acquisitions of the like Frontier Security in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

12. **"Purchase/Acquisition Price" and "Sale Price":** For the purposes of calculations under ¶¶ 7 and 9 above, "purchase/acquisition price" means the actual price paid, excluding fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting fees, commissions, or taxes.

13. **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of Frontier Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. Any transactions in Frontier Securities executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

14. The receipt or grant by gift, inheritance, or operation of law of Frontier Securities during the Class Period shall not be deemed a purchase, acquisition, or sale of those Frontier Securities for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of such Frontier Securities unless (i) the donor or decedent purchased or otherwise acquired or sold such Frontier Securities during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such Frontier Securities.

15. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Frontier Security. The date of a "short sale" is deemed to be the date of sale of the Frontier Security. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

16. In the event that a Claimant has an opening short position in a Frontier Security, the earliest purchases or acquisitions of the security during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

17. **Frontier Securities Purchased/Sold Through the Exercise of Options:** Frontier Common Stock and Frontier Preferred Stock are the only securities eligible for recovery under the Plan of Allocation. With respect to Frontier Securities purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of Frontier Securities acquired during the Class Period through the exercise of an option on the security[4] shall be computed as provided for other purchases of Frontier Common Stock or Frontier Preferred Stock in the Plan of Allocation.

---

[4] This includes (1) purchases of Frontier Common Stock or Frontier Preferred Stock as the result of the exercise of a call option, and (2) purchases of Frontier Common Stock or Frontier Preferred

18.  **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Frontier Securities during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7]  If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

19.  If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Frontier Securities during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Frontier Securities during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

20.  **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized

---

Stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

[5]  The "Total Common Stock Purchase Amount" is the total amount the Claimant paid for all shares of Frontier Common Stock purchased/acquired during the Class Period and the "Total Preferred Stock Purchase Amount" is the total amount the Claimant paid for all shares of Frontier Preferred Stock purchased/acquired during the Class Period.  The sum of the Total Common Stock Purchase Amount and the Total Preferred Stock Purchase Amount shall be the "Total Purchase Amount."

[6]  The Claims Administrator shall match any sales of Frontier Common Stock and Frontier Preferred Stock during the Class Period first against the Claimant's opening position in the like Frontier Security (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received for sales of the remaining shares of Frontier Common Stock sold during the Class Period is the "Total Common Stock Sales Proceeds" and the total amount received for sales of the remaining shares of Frontier Preferred Stock sold during the Class Period is the "Total Preferred Stock Sales Proceeds."  The sum of the Total Common Stock Sales Proceeds and the Total Preferred Stock Sales Proceeds shall be the "Total Sales Proceeds."

[7]  The Claims Administrator shall ascribe a "Common Stock Holding Value" of $8.86 to each share of Frontier Common Stock purchased/acquired during the Class Period that was still held as of the close of trading on October 31, 2017 and the Claims Administrator shall ascribe a "Preferred Stock Holding Value" of $15.55 to each share of Frontier Preferred Stock purchased/acquired during the Class Period that was still held as of the close of trading on October 31, 2017.  The sum of the Common Stock Holding Value and the Preferred Stock Holding Value shall be the "Holding Value."

Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

21.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

22.   If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

23.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution. Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such further distributions, would be cost-effective.  At such time as it is determined that the further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

24.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

25.   The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.FrontierCommunicationsSecuritiesLitigation.com.

**TABLE A**

**Estimated Artificial Inflation For Frontier Common Stock and Frontier Preferred Stock**
(April 25, 2016 through and including October 31, 2017)

| Date Range | Artificial Inflation Per Share of Frontier Common Stock | Artificial Inflation Per Share of Frontier Preferred Stock |
|---|---|---|
| April 25, 2016 – November 1, 2016 | $17.48 | $24.19 |
| November 2, 2016 – February 27, 2017 | $10.84 | $15.44 |
| February 28, 2017 – May 2, 2017 | $6.91 | $8.85 |
| May 3, 2017 – October 31, 2017 | $3.02 | $4.35 |

**TABLE B**

**90-Day Lookback Table for Frontier Common Stock and Frontier Preferred Stock**
(Average Closing Prices:  November 1, 2017 – January 29, 2018)

| Date | Average Closing Price of Frontier Common Stock Between November 1, 2017 and Date Shown | Average Closing Price of Frontier Preferred Stock Between November 1, 2017 and Date Shown | Date | Average Closing Price of Frontier Common Stock Between November 1, 2017 and Date Shown | Average Closing Price of Frontier Preferred Stock Between November 1, 2017 and Date Shown |
|---|---|---|---|---|---|
| 11/1/2017 | $8.86 | $15.55 | 12/14/2017 | $8.18 | $14.34 |
| 11/2/2017 | $9.02 | $15.73 | 12/15/2017 | $8.18 | $14.26 |
| 11/3/2017 | $8.48 | $15.08 | 12/18/2017 | $8.18 | $14.20 |
| 11/6/2017 | $8.38 | $14.96 | 12/19/2017 | $8.16 | $14.12 |
| 11/7/2017 | $8.33 | $14.93 | 12/20/2017 | $8.14 | $14.03 |
| 11/8/2017 | $8.27 | $14.85 | 12/21/2017 | $8.11 | $13.93 |
| 11/9/2017 | $8.22 | $14.77 | 12/22/2017 | $8.08 | $13.85 |
| 11/10/2017 | $8.04 | $14.49 | 12/26/2017 | $8.05 | $13.76 |
| 11/13/2017 | $7.92 | $14.29 | 12/27/2017 | $8.02 | $13.67 |
| 11/14/2017 | $7.78 | $14.07 | 12/28/2017 | $7.99 | $13.59 |
| 11/15/2017 | $7.67 | $13.91 | 12/29/2017 | $7.96 | $13.52 |
| 11/16/2017 | $7.59 | $13.78 | 1/2/2018 | $7.94 | $13.47 |
| 11/17/2017 | $7.54 | $13.70 | 1/3/2018 | $7.92 | $13.42 |
| 11/20/2017 | $7.52 | $13.66 | 1/4/2018 | $7.91 | $13.38 |
| 11/21/2017 | $7.49 | $13.61 | 1/5/2018 | $7.89 | $13.34 |
| 11/22/2017 | $7.52 | $13.62 | 1/8/2018 | $7.88 | $13.30 |
| 11/24/2017 | $7.51 | $13.61 | 1/9/2018 | $7.87 | $13.26 |
| 11/27/2017 | $7.52 | $13.62 | 1/10/2018 | $7.86 | $13.23 |
| 11/28/2017 | $7.54 | $13.64 | 1/11/2018 | $7.85 | $13.21 |
| 11/29/2017 | $7.58 | $13.69 | 1/12/2018 | $7.86 | $13.21 |
| 11/30/2017 | $7.63 | $13.73 | 1/16/2018 | $7.86 | $13.19 |
| 12/1/2017 | $7.67 | $13.78 | 1/17/2018 | $7.85 | $13.17 |
| 12/4/2017 | $7.73 | $13.85 | 1/18/2018 | $7.84 | $13.14 |
| 12/5/2017 | $7.79 | $13.91 | 1/19/2018 | $7.84 | $13.12 |
| 12/6/2017 | $7.83 | $13.96 | 1/22/2018 | $7.85 | $13.12 |
| 12/7/2017 | $7.88 | $14.03 | 1/23/2018 | $7.86 | $13.11 |
| 12/8/2017 | $7.95 | $14.11 | 1/24/2018 | $7.86 | $13.10 |
| 12/11/2017 | $8.03 | $14.20 | 1/25/2018 | $7.87 | $13.10 |
| 12/12/2017 | $8.10 | $14.29 | 1/26/2018 | $7.88 | $13.09 |
| 12/13/2017 | $8.17 | $14.38 | 1/29/2018 | $7.88 | $13.08 |

# EXHIBIT 2

**Exhibit 2**

# Frontier Communications Securities Litigation
# c/o A.B. Data, Ltd.
# P.O. Box 173044
# Milwaukee, WI 53217

**Toll-Free Number:  1-877-311-3734**
**Email:  info@FrontierCommunicationsSecuritiesLitigation.com**
**Website:  www.FrontierCommunicationsSecuritiesLitigation.com**

# <u>PROOF OF CLAIM AND RELEASE FORM</u>

To be eligible to receive a share of the Net Settlement Fund in connection with the proposed Settlement, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it online at www.FrontierCommunicationsSecuritiesLitigation.com, **postmarked (or received) no later than _____ __, 2022**.

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to recover any money in connection with the proposed Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above, or online at <u>www.FrontierCommunicationsSecuritiesLitigation.com</u>.**

| <u>TABLE OF CONTENTS</u> | <u>PAGE #</u> |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | [__] |
| **PART II – CLAIMANT IDENTIFICATION** | [__] |
| **PART III – SCHEDULE OF TRANSACTIONS IN FRONTIER COMMUNICATIONS CORPORATION COMMON STOCK** | [__] |
| **PART IV – SCHEDULE OF TRANSACTIONS IN FRONTIER COMMUNICATIONS CORPORATION MANDATORY CONVERTIBLE PREFERRED STOCK** | [__] |
| **PART V – RELEASE OF CLAIMS AND SIGNATURE** | [__] |

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses ("Notice") that accompanies this Claim Form, including the proposed Plan of Allocation set forth in Appendix A to the Notice ("Plan of Allocation").  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.      This Claim Form is directed to all persons and entities who purchased or otherwise acquired shares of publicly traded common stock and Mandatory Convertible Preferred Stock of Frontier Communications Corporation between April 25, 2016 and October 31, 2017, inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class"), except for persons and entities who or which are excluded from the Settlement Class by definition as set forth in paragraph 29 of the Notice.  For purposes of this Claim Form, publicly traded common stock of Frontier Communications Corporation is referred to as "Frontier Common Stock;" publicly traded Mandatory Convertible Preferred Stock of Frontier Communications Corporation is referred to as "Frontier Preferred Stock;" and Frontier Common Stock and Frontier Preferred Stock are collectively referred to as "Frontier Securities."

3.      By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* definition of Settlement Class contained in paragraph 29 of the Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.**  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in Appendix A to the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedules of Transactions in Part III and Part IV of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Frontier Common Stock or Frontier Preferred Stock.  On these schedules, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Frontier Common Stock or Frontier Preferred Stock, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.**

6.      **Please note**:  Only shares of Frontier Common Stock and Frontier Preferred Stock purchased or otherwise acquired during the Class Period (*i.e.*, between April 25, 2016 and October 31, 2017, inclusive) are eligible under the Settlement.  However, pursuant to the "90-day look-back period" (described in the Plan of Allocation set forth in Appendix A to the Notice), your sales of Frontier Common Stock and Frontier Preferred Stock during the period from November 1, 2017 through and including the close of trading on January 29, 2018

will be used for purposes of calculating loss amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your Claim, the requested purchase/acquisition information during the 90-day Look-Back Period must also be provided.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.**

7.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Frontier Common Stock or Frontier Preferred Stock set forth in the Schedules of Transactions in Part III and Part IV of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Frontier Common Stock and Frontier Preferred Stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form.  The complete name(s) of the beneficial owner(s) must be entered.  If you purchased or otherwise acquired Frontier Common Stock and/or Frontier Preferred Stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner.  If you purchased or otherwise acquired Frontier Common Stock and/or Frontier Preferred Stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Frontier Common Stock and Frontier Preferred Stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

     (a)      expressly state the capacity in which they are acting;

     (b)      identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Frontier Common Stock and/or Frontier Preferred Stock; and

     (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be

established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.     **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@FrontierCommunicationsSecuritiesLitigation.com, or by toll-free phone at 1-877-311-3734, or you can visit the website for the Settlement maintained by the Claims Administrator, www.FrontierCommunicationsSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.     **NOTICE REGARDING ELECTRONIC FILES**:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the website for the Settlement, www.FrontierCommunicationsSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@FrontierCommunicationsSecuritiesLitigation.com.  **Any file that is not submitted in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@FrontierCommunicationsSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT PLEASE NOTE:

**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-877-311-3734.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City                                                                 State    Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                          Telephone Number (work)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim.)

Account Number (where securities were traded)[1]

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Claimant Account Type (check appropriate box)

☐   Individual (includes joint owner accounts)     ☐   Pension Plan        ☐   Trust
☐   Corporation                                    ☐   Estate
☐   IRA/401K                                        ☐   Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see paragraph 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN FRONTIER COMMON STOCK

Complete this Part III if and only, during the period between April 25, 2016 and October 31, 2017, inclusive, you purchased or otherwise acquired publicly traded common stock of Frontier Communications Corporation ("Frontier Common Stock").  Please be sure to include proper supporting documentation with your Claim Form as described in detail in Part I – General Instructions, paragraph 7, above.  Do not include information regarding securities other than Frontier Common Stock.  **Information regarding Frontier Preferred Stock must be entered in PART IV of this Claim Form.**

| | |
|---|---|
| **1.  HOLDINGS AS OF APRIL 25, 2016** – State the total number of shares of Frontier Common Stock held as of the opening of trading on April 25, 2016.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ☐ |

**2.  PURCHASES/ACQUISITIONS FROM APRIL 25, 2016 THROUGH OCTOBER 31, 2017, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Frontier Common Stock from after the opening of trading on April 25, 2016 through and including the close of trading on October 31, 2017.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding fees, commissions, and taxes) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | ☐☐ | $ | $ | ☐ |
| /    / | ☐☐ | $ | $ | ☐ |
| /    / | ☐☐ | $ | $ | ☐ |
| /    / | ☐☐ | $ | $ | ☐ |
| /    / | ☐☐ | $ | $ | ☐ |

**3.  PURCHASES/ACQUISITIONS FROM NOVEMBER 1, 2017 THROUGH JANUARY 29, 2018, INCLUSIVE** – State the total number of shares of Frontier Common Stock purchased/acquired (including free receipts) from after the opening of trading on November 1, 2017 through and including the close of trading on January 29, 2018.  (Must be documented.)  If none, write "zero" or "0."[2] _____

| | |
|---|---|
| **4.  SALES FROM APRIL 25, 2016 THROUGH JANUARY 29, 2018, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Frontier Common | **IF NONE, CHECK** |

_____

[2] **Please note**:  Information requested with respect to your purchases/acquisitions of Frontier Common Stock from after the opening of trading on November 1, 2017 through and including the close of trading on January 29, 2018 is needed in order to perform the necessary calculations for your Claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.

| Stock from after the opening of trading on April 25, 2016 through and including the close of trading on January 29, 2018. (Must be documented.) | | | | **HERE** ☐ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting fees, commissions, or taxes) | Confirm Proof of Sales Enclosed |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| **5.  HOLDINGS AS OF JANUARY 29, 2018 –** State the total number of shares Frontier Common Stock held as of the close of trading on January 29, 2018.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ☐ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PART IV – SCHEDULE OF TRANSACTIONS IN FRONTIER PREFERRED STOCK

Complete this Part IV if and only, during the period between April 25, 2016 and October 31, 2017, inclusive, you purchased or otherwise acquired publicly traded Mandatory Convertible Preferred Stock of Frontier Communications Corporation ("Frontier Preferred Stock"). Please be sure to include proper supporting documentation with your Claim Form as described in detail in Part I – General Instructions, paragraph 7, above. Do not include information regarding securities other than Frontier Preferred Stock. **Information regarding Frontier Common Stock must be entered in PART III of this Claim Form.**

| | |
|---|---|
| **1. HOLDINGS AS OF APRIL 25, 2016** – State the total number of shares of Frontier Preferred Stock held as of the opening of trading on April 25, 2016.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ☐ |

**2. PURCHASES/ACQUISITIONS FROM APRIL 25, 2016 THROUGH OCTOBER 31, 2017, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Frontier Preferred Stock from after the opening of trading on April 25, 2016 through and including the close of trading on October 31, 2017.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding fees, commissions, and taxes) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | ☐☐ | $ | $ | ☐ |
| /    / | ☐☐ | $ | $ | ☐ |
| /    / | ☐☐ | $ | $ | ☐ |
| /    / | ☐☐ | $ | $ | ☐ |
| /    / | ☐☐ | $ | $ | ☐ |

**3. PURCHASES/ACQUISITIONS FROM NOVEMBER 1, 2017 THROUGH JANUARY 29, 2018, INCLUSIVE** – State the total number of shares of Frontier Preferred Stock purchased/acquired (including free receipts) from after the opening of trading on November 1, 2017 through and including the close of trading on January 29, 2018.  (Must be documented.)  If none, write "zero" or "0."[3] _____

| | |
|---|---|
| **4. SALES FROM APRIL 25, 2016 THROUGH JANUARY 29, 2018, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Frontier Preferred | **IF NONE, CHECK** |

---

[3] **Please note**: Information requested with respect to your purchases/acquisitions of Frontier Preferred Stock from after the opening of trading on November 1, 2017 through and including the close of trading on January 29, 2018 is needed in order to perform the necessary calculations for your Claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| Stock from after the opening of trading on April 25, 2016 through and including the close of trading on January 29, 2018. (Must be documented.) | | | | **HERE** ☐ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting fees, commissions, or taxes) | Confirm Proof of Sales Enclosed |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| **5. HOLDINGS AS OF JANUARY 29, 2018 –** State the total number of shares Frontier Preferred Stock held as of the close of trading on January 29, 2018.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ☐ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PART V - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [___] OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the Claimant(s) is a (are) member(s) of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that the Claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the Frontier Common Stock and/or Frontier Preferred Stock identified in the Claim Form and have not assigned the Claim against Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of Frontier Common Stock and/or Frontier Preferred Stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.    that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the Releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.    that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.    that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant                                                                                            Date

_____
Print Name of Claimant here

_____
Signature of Joint Claimant, if any                                                                       Date

_____
Print Name of Joint Claimant here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of Claimant                                            Date

_____
Print name of person signing on behalf of Claimant here

_____
Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* paragraph 10 on page [___] of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your Claim is not deemed submitted until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-877-311-3734.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@FrontierCommunicationsSecuritiesLitigation.com, or by toll-free phone at 1-877-311-3734 or you may visit www.FrontierCommunicationsSecuritiesLitigation.com.  DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.FRONTIERCOMMUNICATIONSSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ __, 2022.**  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

**Frontier Communications Securities Litigation**
**c/o A.B. Data, Ltd.**
**P.O. Box 173044**
**Milwaukee, WI 53217**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ __, 2022, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT 3

**Exhibit 3**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| IN RE FRONTIER COMMUNICATIONS CORPORATION STOCKHOLDERS LITIGATION | No. 3:17-cv-01617-VAB |

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

This notice is directed to all persons and entities who purchased or otherwise acquired shares of publicly traded common stock and Mandatory Convertible Preferred Stock of Frontier Communications Corporation (collectively, "Frontier Securities") between April 25, 2016 and October 31, 2017, inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").

Certain persons and entities are excluded from the Settlement Class as set forth in detail in the Stipulation and Agreement of Settlement dated December 23, 2021 ("Stipulation") and the Notice described below.  Copies of the Stipulation and the Notice are available at www.FrontierCommunicationsSecuritiesLitigation.com.

### PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Connecticut ("Court"), that the above-captioned securities class action ("Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that the parties to the Action have reached a proposed settlement for $15,500,000 in cash ("Settlement") that, if approved by the Court, will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on _____, 2022 at _:__ _.m., before the Honorable Victor A. Bolden, either in person at the United States District Court for the District of Connecticut, Courtroom 2 of the Brien McMahon Federal Building, United States Courthouse, 915 Lafayette Boulevard, Bridgeport, CT 06604, or by telephone or video conference (in the discretion of the Court), to determine, among other things: (i) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead

Counsel should be appointed as Class Counsel for the Settlement Class; (ii) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (iv) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (v) whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (vi) any other matters that may properly be brought before the Court in connection with the Settlement.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.FrontierCommunicationsSecuritiesLitigation.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice") and Proof of Claim and Release Form (the "Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at Frontier Communications Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173044, Milwaukee, WI 53217, info@FrontierCommunicationsSecuritiesLitigation.com.  Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.FrontierCommunicationsSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online through the Settlement website, www.FrontierCommunicationsSecuritiesLitigation.com, no later than _____ __, 2022* in accordance with the instructions set forth in the Claim Form.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received no later than _____ __, 2022*, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments, or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement.  Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and litigation expenses, must be filed with the Court and served on Lead Counsel and Defendants' Counsel such that they are *received no later than _____ __, 2022*, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**  All

questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

Frontier Communications Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173044
Milwaukee, WI 53217
1-877-311-3734
info@FrontierCommunicationsSecuritiesLitigation.com
www.FrontierCommunicationsSecuritiesLitigation.com


All other inquiries should be made to Lead Counsel:

Katherine M. Sinderson, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com


DATED: _____ __, 2022                    BY ORDER OF THE COURT
                                               United States District Court
                                               District of Connecticut

3