UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE FRONTIER COMMUNICATIONS
CORPORATION STOCKHOLDERS
LITIGATION

No. 3:17-cv-01617-VAB

ORDER PRELIMINARILY APPROVING SETTLEMENT AND
AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Frontier Communications Corporation Stockholders Litigation*, No. 3:17-cv-01617-VAB (the "Action");

WHEREAS, (a) lead plaintiffs Arkansas Teacher Retirement System and Carlos Lagomarsino (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendant Frontier Communications Parent, Inc. (together with its subsidiaries, including Frontier Communications Corporation, "Frontier")[1], and defendants Daniel J. McCarthy, John M. Jureller, Ralph Perley McBride, and John Gianukakis (collectively, the "Individual Defendants," and together with Frontier, "Defendants") (Lead Plaintiffs and Defendants, together, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 23, 2021 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, under Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the

---

[1] Under paragraph 87 of the Findings of Fact, Conclusions of Law, and Order Confirming the Fifth Amended Joint Plan of Reorganization of Frontier Communications Corporation and ItsDebtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 1005] ("Confirmation Order"), *In re Frontier Communications Corporation, et al.*, Case No. 20-22476 (RDD), U.S. Bankruptcy Court at the Southern District of New York ("Bankruptcy Court"), Frontier Communications Parent, Inc. is the Debtor/Reorganized Debtor in connection with Securities Litigation claims.

Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Proposed Class Certification for Settlement Purposes</u>** – The Parties have proposed the certification of the following Settlement Class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all persons and entities who purchased or otherwise acquired shares of publicly traded common stock and Mandatory Convertible Preferred Stock of Frontier Communications Corporation (collectively, "Frontier Securities") between April 25, 2016 and October 31, 2017, inclusive (the "Class Period"), and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants and all Former Defendants; (ii) the Immediate Family Members of any Individual Defendant or any Former Defendant; (iii) any person who was an Officer, director, or partner of Frontier or any Former Defendant during the Class Period and any of their Immediate Family Members; (iv) any parent, subsidiary, or affiliate of Frontier or any Former Defendant; (v) any firm, trust, corporation, or other entity in which any Defendant, any Former Defendant, or any other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded persons or entities. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2

2. **Class Findings** – The Court finds, under Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, and solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court also finds, under Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Lead Plaintiffs Arkansas Teacher Retirement System and Carlos Lagomarsino as Class Representatives for the Settlement Class and appoint Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class under Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, under Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a hearing (the "Settlement Hearing") on **May 10, 2022, at 12:00 p.m.**, by video conference, for the following purposes: (a) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on

behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Settlement Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on a website to be developed for the Settlement as referenced in paragraph 7(c) of this Order. Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement website for any change in date, time, or format of the hearing.

7. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing

of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) not later than ten (10) business days after the date of entry of this Order, Defendants, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, shall use best efforts to provide or cause to be provided to the Claims Administrator in electronic format a list of names and available contact information of record holders of Frontier Securities during the Class Period that are reasonably determinable;

(b) beginning not later than twenty (20) business days after the date of entry of this Order (such date that is twenty (20) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided or caused to be provided by Defendants, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or

declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Frontier Securities during the Class Period shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all

6

such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.   **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

11.   **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14. **Exclusion From the Settlement Class** – Any member of the Settlement Class

who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: Frontier Communications Securities Litigation, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Frontier Communications Corporation Stockholders Litigation*, No. 3:17-cv-01617-VAB"; (iii) state the number of shares of publicly traded common stock and/or shares of publicly traded Mandatory Convertible Preferred Stock of Frontier Communications Corporation that the person or entity requesting exclusion (A) owned as of the opening of trading on April 25, 2016 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, between April 25, 2016 and October 31, 2017, inclusive), including the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Lead Counsel is authorized to request from any person or entity requesting exclusion additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in Frontier Securities.

15.   Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who or which does not enter an appearance will be represented by Lead Counsel.

18. Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be

heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLPKatherine M. Sinderson, Esq. 1251 Avenue of the Americas, 44th FloorNew York, NY 10020 | Mayer Brown LLP Matthew D. Ingber, Esq. 1221 Avenue of the AmericasNew York, NY 10020-1001 |

19. Any objections, filings, and other submissions by the objecting Settlement Class Member must identify the case name and civil action number, *In re Frontier Communications Corporation Stockholders Litigation*, No. 3:17-cv-01617-VAB, and they must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of publicly traded common stock and/or shares of publicly traded Mandatory Convertible Preferred Stock of Frontier Communications Corporation that the objecting Settlement Class Member (i) owned as of the opening of trading on April 25, 2016 and (ii) purchased/acquired and/or sold during the Class Period (*i.e.*, between April 25, 2016 and October 31, 2017, inclusive), including the dates, number of shares, and prices of each such purchase/acquisition and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker

containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number. It is within the Court's discretion to allow appearances at the Settlement Hearing either in person or by telephone or video conference.

20. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from prosecuting any and all of the Released Plaintiffs' Claims against the Defendants' Releasees.

22. **Settlement Administration Fees and Expenses** – All costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in

administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23. **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form, for, or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the Parties' agreement-in-principle to settle on September 30, 2021, as provided in the Stipulation.

26. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants'

Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.  **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days

14

before the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days before the Settlement Hearing.

28.   **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of January, 2022.

      /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge